
FILED
2019 Feb-08 PM 05:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THE ALABAMA STATE            )
CONFERENCE OF THE NAACP,      )
ERIC CALHOUN and             )
JENNIFER FORD,               )        CASE NO. 2:18-cv-02056-LSC
                             )
          Plaintiffs,        )
                             )
v.                           )
                             )
CITY OF PLEASANT GROVE,       )
et al.,                      )
                             )
          Defendants.        )

## MOTION TO DISMISS

Defendants City of Pleasant Grove, Mayor Jerry Brasseale, William Bullion,

James Crumpton, Kenneth Hatfield, Philip Houston, and Paula Johnson hereby move

this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint in this case

on the following grounds:

1.      The Complaint fails to state a claim upon which relief may be granted

and fails to plausibly state claims for relief.

2.      Plaintiffs' vote-dilution claims under Section 2 of the Voting Rights Act

are not cognizable. To state such a Section 2 claim, a plaintiff must show that she is

a member of a "protected class," meaning that she must show that she is a member

of a racial or ethnic group who, by lacking "numerical superiority" in the relevant

political subdivision, has had its votes diluted "on account of race or color." See, e.g., Thornburg v. Gingles, 478 U.S. 30, 48 (1986). Here, public records establish that the City's black residents constitute a *majority* of the City's total population, voting-age population, and registered voter population. (See Exhibits 1 and 2). Without more, Plaintiffs therefore cannot state a Section 2 claim because they have not plausibly alleged that their preferred candidates are regularly defeated "by virtue of [the] numerical superiority" of other voting blocs. See Gingles, 478 U.S. at 48.

3.      Even if a Section 2 claim is theoretically cognizable where the plaintiffs comprise a majority of real and potential voters in a political subdivision, Plaintiffs have still failed to state a claim for relief. As a prerequisite to any vote dilution claim under Section 2, a pleading must state sufficient factual material to plausibly satisfy the three Gingles factors. See Gingles, 478 U.S. at 49-51. Here, the Complaint is utterly "devoid of 'further factual enhancement'" necessary to support Plaintiffs' "naked assertion[s]" that they have satisfied the Gingles preconditions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility of Plaintiffs' claims is further undermined by the fact that black City residents make up a majority of the City's total, voting-age, and registered-voter populations, particularly given that Plaintiffs have alleged no modern-day impediments to black City residents seeking to vote. Cf., Salas v. Sw. Tex. Jr. Coll. Dist., 955 F.2d 1542, 1555-56 (5th Cir. 1992) (emphasis

supplied).  Accordingly, Plaintiffs' have now raised a right to relief under Section 2 "above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and their claim must be dismissed.

4.     Although Plaintiffs purports to bring a vote-dilution claim under the Fifteenth Amendment, such claims are not recognized within the Eleventh Circuit. See, e.g., Osburn v. Cox, 369 F.3d 1283, 1288 (11th Cir. 2004); Lowery v. Deal, 850 F. Supp. 2d 1326, 1331 (N.D. Ga. 2012).

5.     Plaintiffs' vote-dilution claim pursuant to the Fourteenth Amendment is also due to be dismissed given that Plaintiff has failed to allege sufficient factual material to plausibly satisfy the Gingles preconditions to a Section 2 claim. See, e.g,. Johnson v. DeSoto Cnty Bd. of Comm'rs, 204 F.3d 1335, 1344-45 (11th Cir. 2000); Ga. State Conference of NAACP v. State, 269 F. Supp. 3d 1266, 1281 (N.D. Ga. 2017) ("[I]f the Gingles preconditions cannot be shown, neither can the causation requirement necessary for a Fourteenth Amendment claim under the law of this circuit."). Further, Plaintiffs' Fourteenth Amendment claim is also due to be dismissed because the remedy sought here—the imposition of a single-member district system for City Council elections—would not provide black City residents with "**better** access to the [City's] political process" than the existing at-large election system. See, e.g., Johnson, 204 F.3d at 1346 (citation omitted) (emphasis supplied).

3

6.    In any event, the City Council members and mayor, who have been sued in their official capacities, are due to be dismissed because the City is already a Defendant to this action. See, e.g., Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991); Perez-Santiago v. Volusia County, 2009 WL 2602461, at *2 (M.D. Fla. Aug. 25, 2009). The official-capacity Defendants are also entitled to absolute legislative immunity as to Plaintiffs' constitutional claims. See, e.g., Woods v. Gamel, 132 F.3d 1417, 1419 (11th Cir. 1998); Martin v. Augusta-Richmond Cnty., Ga. Comm'n, 2012 WL 5950408, at *4 (S.D. Ga. Nov. 28, 2012); Holley v. City of Roanoke, 162 F. Supp. 2d 1335, 1342 (M.D. Ala. 2001).

7.    This motion is supported by Exhibits 1 and 2 attached hereto and the brief filed contemporaneously herewith.

**WHEREFORE**, Defendants respectfully move that this Court dismiss all claims against them, with prejudice.

s/ David J. Canupp
David J. Canupp

s/ J. Bradley Emmons
J. Bradley Emmons

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue,  Suite 102 (35805)

4

Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail:  djc@LanierFord.com; jbe@LanierFord.com

s/ Jon B. Terry
Jon B. Terry

s/ Jonathan David Terry
Jonathan David Terry

Bains and Terry
1813 Third Avenue North
Bessemer, Alabama 35020
Telephone 205-425-1606 / Fax: 205-426-3200
E-mail: bainsjbt@bellsouth.net
E-Mail: jdterry@bainsterry.com

Attorneys for Defendants City of Pleasant Grove,
Jerry Brasseal, William Bullion, James Crumpton,
Kenneth Hatfield, Philip Houston and Paula Johnson

<u>CERTIFICATE OF SERVICE</u>

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

James Uriah Blacksher
P O Box 636
Birmingham, AL 35201
205-591-7238
Fax: 866-845-4395
Email: jblacksher@ns.sympatico.ca

Catherine Meza
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th St. NW, Apt. 717
Washington, DC 20005
202-216-2727
Fax: 202-682-1312
Email: cmeza@naacpldf.org

Deuel Ross
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND INC
40 Rector Street 5th Floor
New York, NY 10006
212-965-7712
Fax: 212-226-7592
Email: dross@naacpldf.org

Leah C. Aden
John Z. Morris
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND INC
40 Rector Street 5th Floor
New York, NY 10006
212-965-2200
Fax: 212-226-7592
Email: laden@naacpldf.org
Email: zmorris@naacpldf.org

on this the 8th day of February, 2019.

s/ David J. Canupp
David J. Canupp

6