IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE ALABAMA STATE CONFERENCE OF THE NAACP, ERIC CALHOUN and JENNIFER FORD,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PLEASANT GROVE, et al.,<br><br>Defendants. | CASE NO. 2:18-cv-02056-LSC<br><br>OPPOSED |

## MOTION TO STAY

Defendants City of Pleasant Grove, Mayor Jerry Brasseale, William Bullion, James Crumpton, Kenneth Hatfield, Philip Houston, and Paula Johnson move this Court on an opposed basis to stay all commencement of discovery in this case, including the exchanging of initial disclosures, and to otherwise temporarily suspend the parties' obligations under Fed. R. Civ. P. 26, pending this Court's resolution of Defendants' motion to dismiss Plaintiffs' Complaint.[1] In support of their motion, Defendants state as follows:

---

[1] During the telephonic status conference held by the Court on February 6, 2019, the Court instructed the parties to submit a written report pursuant to Fed. R. Civ. P. 26(f) within four weeks of the filing of Defendants' Rule 12(b)(6) motion to dismiss, regardless of any motion to stay other Rule 26 obligations. The instant motion does not seek to stay the parties' deadline for submitting their Rule 26(f) report.

1.      Defendants contacted Plaintiffs prior to the filing of this motion, and Plaintiffs indicated that this motion is opposed.

2.      Plaintiffs filed their Complaint in this case on December 13, 2018. (Doc. 1). Contemporaneously with the instant motion, Defendants have filed a motion to dismiss and brief in support, seeking dismissal of this action on the ground that Plaintiffs have failed to state a claim for which relief may be granted. (Docs. 14 and 15).

3.      The Eleventh Circuit has held that all "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved *before discovery begins*." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis supplied). As a consequence, it is appropriate to stay all proceedings in this action pending this Court's resolution of the motion to dismiss. See Hall v. Thomas, 753 F. Supp. 2d 1113, 1121 n. 20 (N. D. Ala. 2010) (citing Chudasama, 123 F.3d at 1366) ("[I]t appears that the *only* proper course, when presented with a request to stay discovery pending resolution of a motion to dismiss is to grant the stay.") (emphasis in original); see also id. at *3 (noting that stays of discovery are "the general rule in this circuit"); James v. Hunt, ___ F. App'x ___, 2018 WL 6720766, at *3 (11th Cir. Dec. 20, 2018) (recognizing that "when a district court is presented with a motion to

dispose of a claim for relief that would substantially enlarge the scope of discovery, it should rule on the motion before entering discovery orders"); Lawrence v. Gov'r of Ga., 721 F. App'x 862, 864 (11th Cir. 2018) (affirming stay of discovery pending resolution of motion to dismiss, where "the court specifically identified our warnings in Chudasama, and heeded them"); Roberts v. FNB S. of Alma, Ga., 716 F. App'x 854, 857 (11th Cir. 2017) (affirming stay of discovery pending ruling on motion to dismiss, as "in general, motions to dismiss for failure to state a claim "should be resolved before discovery begins"); Moore v. Potter, 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (noting that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible"); Weakley v. Eagle Logistics, 2017 WL 4838862, at *1 (N.D. Ala. Aug. 10, 2017) (quoting Chudasama, 123 F.3d at 1367) ("The Eleventh Circuit recognizes the need to resolve dispositive motions that may dismiss nonmeritorious claims before discovery begins, '[avoiding] unnecessary costs to the litigants and to the court system.'"); Varga v. Palm Beach Capital Mgmt., LLC, 2010 WL 8510622 at *1 (S.D. Fla. Sept. 3, 2010) (noting that "it is appropriate to limit discovery until case-dispositive issues are resolved").

4. Plaintiffs are also not entitled to discovery prior to this Court's consideration of the motion to dismiss so as to discover facts to enable them to

re-plead their Complaint. Any argument to the contrary has been conclusively foreclosed to the plaintiff by the United States Supreme Court. See Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management . . . ."). Lower courts have, of course, followed the Iqbal and Twombly decisions on this point. See, e.g., World Holdings, LLC v. F.R.G., 701 F.3d 641, 655 (11th Cir. 2012) (concluding that district court "acted well within its discretion to deny the request of [plaintiff] for discovery" while motion to dismiss was pending); New Albany Tractor, Inc. v. Louisville Tractor, Inc., 650 F.3d 1046, 1051 (6th Cir. 2011) (noting that plaintiff is not entitled to discovery to obtain factual detail necessary to allege a maintainable complaint "even when the information needed to establish [the claim] is solely within the purview of the defendant or a third party . . ."); Hanover Ins. Co. v. BASH Corp., No. 2:18-cv-1418-TMP, 2019 WL 220240, at *5 n.7 (N.D. Ala. Jan. 16, 2019) ("[I]t remains axiomatic that courts need not "allow the plaintiffs to make their case through discovery even though the pleading almost certainly failed to state a claim."); Personal Computer Sys., Inc. v. Cent. Knox, Inc., 2012 WL 1108245 at *3 (E.D. Tenn. Mar. 30, 2012) ("[T]he combined effect of Twombly and Iqbal require plaintiffs to have greater knowledge of factual details in

4

order to draft a 'plausible' complaint. . . . [T]hat means the plaintiff must allege specific facts to support its claims . . . even if those facts are only within the control of the defendant. The plaintiff may not use the discovery process to obtain these facts after filing suit."); Russell v. Gardner, 2012 WL 170887 at *1 (E.D. Tenn. Jan. 18, 2012) ("Iqbal specifically directs that *no* discovery may be conducted in order to allow plaintiff to obtain the factual information necessary to plead her claims with facial plausibility even when the information needed to establish her claim is solely within the purview of the defendant or a third party.") (emphasis in original); Hammocks, LLC v. Harleysville Mut. Ins. Co., 2011 WL 3421415 at *3 (W.D. N.C. Aug. 4, 2011) (Twombly and Iqbal "make clear that a plaintiff must first assert a *plausible* claim before being permitted to use the evasive and costly tools of discovery.") (emphasis in original); Rodriguez v. Quality Loan Serv. Corp., 2010 WL 1644695 at *2 (D. Ariz. Apr. 22, 2010) (stating that "plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'" at the pleading stage and "'cannot use discovery to conduct a fishing expedition and hope that some fact supporting an allegation will be uncovered.'").

5.      The Court's resolution of the pending motion to dismiss will also provide the parties needed guidance in expediting this litigation, in the event that the motion is denied in whole or in part. Until the Court rules upon the motion to dismiss,

Defendants will not be able to accurately frame their answer to the Complaint, assess the potential for settlement, or formulate a comprehensive discovery plan in accordance with Fed. R. Civ. P. 26.

**WHEREFORE**, Defendants request that the Court enter a stay of all discovery, including all obligations under Fed. R. Civ. P. 26, pending resolution of the pending motion to dismiss the Complaint in this action.

                s/ David J. Canupp
                David J. Canupp

                s/ J. Bradley Emmons
                J. Bradley Emmons

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: djc@LanierFord.com; jbe@LanierFord.com

                s/ Jon B. Terry
                Jon B. Terry

                s/ Jonathan David Terry
                Jonathan David Terry

Bains and Terry
1813 Third Avenue North
Bessemer, Alabama 35020
Telephone 205-425-1606 / Fax: 205-426-3200

E-mail: bainsjbt@bellsouth.net
E-Mail: jdterry@bainsterry.com

Attorneys for Defendants City of Pleasant Grove,
Jerry Brasseal, William Bullion, James Crumpton,
Kenneth Hatfield, Philip Houston and Paula Johnson

CERTIFICATE OF SERVICE

    I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

James Uriah Blacksher
P O Box 636
Birmingham, AL 35201
205-591-7238
Fax: 866-845-4395
Email: jblacksher@ns.sympatico.ca

Catherine Meza
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
700 14th St. NW, Apt. 717
Washington, DC 20005
202-216-2727
Fax: 202-682-1312
Email: cmeza@naacpldf.org

Deuel Ross
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND INC
40 Rector Street 5th Floor
New York, NY 10006
212-965-7712
Fax: 212-226-7592
Email: dross@naacpldf.org

Leah C. Aden
John Z. Morris
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND INC
40 Rector Street 5th Floor
New York, NY 10006
212-965-2200
Fax: 212-226-7592
Email: laden@naacpldf.org
Email: zmorris@naacpldf.org

on this the 8th day of February, 2019.

                                            s/ David J. Canupp
                                            David J. Canupp