UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THE ALABAMA STATE CONFERENCE OF THE NAACP, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF PLEASANT GROVE, et al. <br><br> *Defendants*. | Civil Case No. 2:18-cv-02056-LSC |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Defendants' motion to stay the commencement of discovery pending the Court's resolution of Defendants' motion to dismiss relies on a misapplication of precedent, seeks to impede the expeditious resolution of this matter, and would cause undue prejudice to Plaintiffs. Plaintiffs' straightforward claims involving their fundamental right to vote under Section 2 of the Voting Rights Act (52 U.S.C. § 10301) and the United States Constitution require adjudication before the next election in 2020. Under these circumstances, the balance tips strongly in favor of permitting discovery to proceed, beginning with the submission of a written Rule 26(f) report, as recently ordered by this Court. Doc. 18.

Contrary to Defendants' arguments, there is no general rule in the Eleventh Circuit that discovery should be stayed while a motion to dismiss is pending. *See,*

1

*e.g.*, *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*, No. 8:17-cv-1298-T-36MAP, 2017 WL 7311849, at *3 (M.D. Fla. Sept. 20, 2017) (denying motion to stay discovery, pending the Rule 16 conference); *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *3 (M.D. Fla. Aug. 19, 2009) (denying motion to stay discovery while motion to dismiss was pending); *In re Winn Dixie Stores, Inc.*, 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (denying motion to stay discovery while the motion to dismiss was pending).

Defendants rely on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) to claim that this Court is compelled to stay discovery while Defendants' motion to dismiss is pending. However, given the particular facts in *Chudasama*, it has been recognized as standing "for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1; *Koock*, 2009 WL 2579307, at *2. *Chudasama* involved a contested cause of action that the court identified as "novel" and "of questionable validity," and that would have "dramatically enlarged" the scope of discovery. 123 F.3d at 1368. Moreover, in *Chudasama*, the district court allowed excessive discovery and issued a default judgment against the defendants without ever even ruling on the motion to dismiss.

The facts of *Chudasama* are not parallel to the facts at issue here. There are no parallels between the straightforward discovery that will be pursued relating to Plaintiffs' claims under long-established voting rights law and the "abusive, unchecked discovery" that was permitted to proceed for a year in a half in *Chudasama* while a motion to dismiss was pending that would have narrowed the relevant issues and eliminated a questionable fraud claim. *Jones v. Bank of Am. Corp.*, No. 4:08-CV-152 (WLS), 2013 WL 5657700, at *2 (M.D. Ga. Oct. 15, 2013) (citing *Chudasama*, 123 F.3d at 1357-60).

Indeed, Defendants cite *Hanover Insurance Company v. BASF Corporation*, 2019 WL 220240, at *5 n.7 (N.D. Ala. Jan. 16, 2019), in their motion yet misleadingly cut their quotation off mid-sentence to avoid referencing that court's recognition that "*Chudasama* has been criticized and limited over time." *Id*. "Since the Eleventh Circuit handed down *Chudasama*, it has been analyzed on numerous occasions, and courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008).

Contrary to Defendants' inaccurate assertions, it is well-established that the party moving for a stay of discovery bears the burden of showing good cause and reasonableness, and "[s]uch motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the

3

Court's responsibility to expedite discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). When determining whether to stay discovery pending a motion to dismiss, courts must balance the harm "produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id*. "To this end, the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *Myeress v. Marmont Hill, Inc.*, No. 2:18-cv-438-FtM-38CM, 2018 U.S. Dist. LEXIS 177521, at *3 (M.D. Fla. Oct. 16, 2018) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)); *see also Great West Cas. Co. v. Firstfleet, Inc.*, No. CA 12-00623-KD-N, 2013 WL 3337283, at *1-2 (S.D. Ala. July 2, 2013).

A "preliminary peek" at Defendants' motion to dismiss shows that a significant portion of Defendants' argument hinges on an attempt to introduce evidence extrinsic to the Complaint to dispute the alleged factual issues relating to the demographics of Pleasant Grove. But, as Plaintiffs explain in their opposition brief, Defendants' arguments are both inappropriate at the motion to dismiss stage and directly foreclosed by precedent. Moreover, Defendants have refused to produce to Plaintiffs all of the limited discovery (i.e., the City's voter sign in sheets) that is necessary for Plaintiffs to test the factual assertions that Defendants' motion relies on.

Within this context, the prejudice to Plaintiffs of halting discovery "outweighs the likelihood that Defendants' motion to dismiss will dispose of the entire case." *Id*. Where there is not "an immediate and clear possibility" that Defendants' motion to dismiss will be granted, as is the case here, discovery should be permitted to commence. *Koock*, 2009 WL 2579307, at *2 (citing *Feldman*, 176 F.R.D. at 653).

Defendants also baselessly imply that Plaintiffs seek to use the discovery process to re-plead the Complaint, proceeding to an array of cases without providing any factual context for this assertion. Plaintiffs have no intention—nor any need—to rely on the discovery process for pleading their case. "[A] well pleaded complaint against a city must allege that the city is liable because of its *own* illegal actions." *Stephens v. City of Tarrant*, No. 2:16-CV-274-KOB, 2017 WL 34829, at *7 (N.D. Ala. Jan. 4, 2017); *Dubose v. City of Hueytown*, No. CV-15-BE-852-S, 2016 U.S. Dist. LEXIS 92065, at *51 (N.D. Ala. July 15, 2016).

Plaintiffs have straightforwardly made such allegations in their Complaint, challenging Defendants' role in operating and maintaining a dilutive electoral system in violation of the Voting Rights Act and the Constitution. "What animated the Eleventh Circuit in *Chudasama* was the district court's decision to allow the plaintiffs to make their case through discovery even though the pleading almost certainly failed to state a claim." *Jones*, 2013 WL 5657700, at *2. As compared to those stark circumstances, Defendants' motion to stay presents no evidence to

5

Case 2:18-cv-02056-LSC   Document 20   Filed 02/21/19   Page 6 of 8

reasonably contend that Plaintiffs seek to improperly use the discovery process to unnecessarily re-plead their claims. The baselessness of Defendants' contentions about the grounds for discovery are not rectified by their subsequent string of immaterial case citations.

Plaintiffs seek to resolve this litigation in as timely and efficient a manner as possible, particularly given the time sensitivity of this matter. Defendants cannot justify the prejudice that would be caused to Plaintiffs by the delay of an unnecessary stay of discovery. Indeed, Plaintiffs seek to obtain meaningful relief in advance of the 2020 municipal election because the harm caused by electoral schemes that violate the Voting Rights Act is ongoing, with Plaintiffs "suffer[ing] anew each time" an election is held via the violative system. *Smith v. Clinton*, 687 F. Supp. 1310, 1313 (E.D. Ark. 1988). Prompt initiation and completion of the discovery process is important. Defendants should not be permitted to cause unwarranted delay of the ultimate resolution of this litigation. Given the intensely local nature of the facts in vote dilution cases and the fundamental rights at issue, it is "no accident that most cases under section 2 have been decided on summary judgment or after a verdict, and not on a motion to dismiss." *Metts v. Murphy*, 363 F.3d 8, 11 (1st Cir. 2004) (en banc).

6

For the foregoing reasons, Plaintiffs request that the Defendants' Motion to Stay be denied and that this Court permit discovery to proceed while Defendants' motion to dismiss is pending.

Respectfully submitted on February 21, 2019,

/s/ John Z. Morris
Leah C. Aden\*
Deuel Ross\*
John Z. Morris\*
NAACP LEGAL DEFENSE AND
 EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
laden@naacpldf.org
dross@naacpldf.org
zmorris@naacpldf.org



\*Pro Hac Vice

/s/ James U. Blacksher
James U. Blacksher
Bar No. ASB-2381-S82J
P.O. Box 636
Birmingham, AL 35201
Phone: (205) 591-7238
Fax: (866) 845-4395
jblacksher@ns.sympatico.ca

/s/ Catherine Meza
Catherine Meza\*
NAACP LEGAL DEFENSE AND
 EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
Phone: (202) 682-1300
Fax: (212) 226-7592
cmeza@naacpldf.org

## CERTIFICATE OF SERVICE

I certify that on February 21, 2019, I filed the foregoing Plaintiffs' Opposition to Defendants' Motion to Stay electronically via the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ John Z. Morris
John Z. Morris
NAACP Legal Defense and
 Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
zmorris@naacpldf.org