FILED

2019 Feb-26  AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THE ALABAMA STATE )
CONFERENCE OF THE NAACP, )
ERIC CALHOUN and )
JENNIFER FORD, )      CASE NO. 2:18-cv-02056-LSC
)
Plaintiffs, )
)
v. )
)
CITY OF PLEASANT GROVE, )
et al., )
)
Defendants. )

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY**

Defendants City of Pleasant Grove, Mayor Jerry Brasseale, William Bullion, James Crumpton, Kenneth Hatfield, Philip Houston, and Paula Johnson submit the following reply in further support of their motion to stay the commencement of discovery and to otherwise suspend the parties' obligations under Fed. R. Civ. P. 26:

1.      Plaintiffs' cavalier statement that "there is no general rule in the Eleventh Circuit that discovery should be stayed while a motion to dismiss is pending" (Doc. 20, at 1) is manifestly contradicted by a long line of case law. Contrary to Plaintiffs' suggestions that stays are appropriate only under the unique circumstances present Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997), the

Eleventh Circuit has **_repeatedly_** stressed the rule that discovery should not begin until the Court has rule on a motion to dismiss, particularly where that motion could "dispose of a claim for relief that would substantially enlarge the scope of discovery." James v. Hunt, ___ F. App'x ___, 2018 WL 6720766, at *3 (11th Cir. Dec. 20, 2018) (citing Chudasama, 123 F.3d at 1368).

2.     Indeed, the Eleventh Circuit has reaffirmed this rule at least **_nine times within the past two years_**. See id.; Roman v. Tyco Simplex Grinnell, 732 F. App'x 813, 815 (11th Cir. 2018) ("In civil actions, a plaintiff's right to perform discovery and present his claims to a jury are not absolute. **In particular, a motion to dismiss for failure to state a claim must be resolved before discovery begins.**") (emphasis supplied); S.B. v. Tenet Healthcare Corp., 732 F. App'x 721, 725 (11th Cir. 2018) ("When Tenet moved to dismiss S.B.'s complaint . . ., that '[f]acial challenge[] to the legal sufficiency of [S.B.'s] claim[s] . . . **[required] resol[ution]** before discovery beg[an]." ) (quotation omitted) (bracketed alterations in S.B.) (emphasis supplied); Stepanovich v. City of Naples, 728 F. App'x 891, 903 (11th Cir. 2018) ("Indeed, avoiding the imposition of discovery on facially implausible claims is one of the key functions of 12(b)(6)."); Lawrence v. Gov'r of Ga., 721 F. App'x 862, 864 (11th Cir. 2018); Roberts v. FNB S. of Alma, Ga., 716 F. App'x 854, 857 (11th Cir. 2017); Estrada v. Stewart, 703 F. App'x 755, 761 n.4 (11th Cir. 2017); Dragash v. Fed. Nat'l

2

Mortg. Ass'n, 700 F. App'x 939, 946-47 (11th Cir. 2017); Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017) (emphasizing "the responsibility of trial courts to manage pretrial discovery properly," and noting that under Chudasama, "[g]ranting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility") (emphasis supplied).

3.     A review of these decisions reveals that the Eleventh Circuit has *not* limited the rule of Chudasama to the facts of that case. If anything, these decisions only reinforce the conclusion that a stay of discovery during the pendency of a motion to dismiss is the rule, not the exception.

4.     In other words, it "remains axiomatic" in this circuit that stays of discovery should be granted while motions to dismiss are pending. Hanover Ins. Co. v. BASF Corp., 2019 L 220240, at *5 n.7 (N.D. Ala. Jan. 16, 2019). Plaintiffs' assertion that this principle is "misleading[]" (Doc. 20 at 3) not only is unsupported by any Eleventh Circuit decision, but in fact *ignores* the overwhelming weight of Eleventh Circuit authority.[1]

---

[1] Although Plaintiffs take issue with the completeness of Defendants' quotations of Hanover (Doc. 20 at 3), Defendants fail to see how their reference to that decision's language was misleading, particularly in light of the aforementioned Eleventh Circuit authority. For what it is worth, Magistrate Judge Putnam expressly relied on this "axiomatic" principle in *denying* the Hanover plaintiff's request to engage in discovery before a motion to dismiss was resolved. See 2019 WL 220240, at *5 n.7.

5.     Therefore, it is telling that Plaintiffs have addressed exactly none of these Eleventh Circuit decisions concerning the <u>Chudasama</u> rule—or any other Eleventh Circuit decision other than <u>Chudasama</u> itself—even though Defendants cited several of the aforementioned decisions in the instant motion. (Doc. 16 at 2-3).

6.     Similarly, Plaintiffs have failed to substantively address Defendants' reliance on Northern District of Alabama decisions that have likewise concluded that a stay of discovery is the proper course while a motion to dismiss is pending. See <u>Hanover</u>, 2019 WL 220240, at *5 n.7; <u>Weakley v. Eagle Logistics</u>, 2017 WL 4838862, at *1 (N.D. Ala. Aug. 10, 2017) (citing <u>Chudasama</u>, 123 F.3d at 1367-68); <u>Hall v. Thomas</u>, 753 F. Supp. 2d 1113, 1121 & n.20 (N.D. Ala. 2010). In fact, the only Northern District of Alabama opinions cited by Plaintiffs, while not actually on point, only undermine Plaintiffs' arguments. Cf., <u>Stephens v. City of Tarrant</u>, 2017 WL 34829, at *7 (N.D. Ala. Jan. 4, 2017) (rejecting plaintiff's request for discovery prior to resolution of a motion to dismiss); <u>Dubose v. City of Hueytown</u>, 2016 WL 3854241, at *12 (N.D. Ala. July 15, 2016) (same).

7.     The aforementioned authorities are enough to dispose of Plaintiffs' arguments against a stay. Yet even if the Court were to adopt the "preliminary peek" rule cited by Plaintiffs (Doc. 20 at 4)—a rule that has never been applied by the Eleventh Circuit or in any published decision within the Northern District of

4

Alabama—it remains clear that a stay of discovery is appropriate while the Court considers Defendants' motion to dismiss. The arguments raised in that filing, including the contention that Plaintiffs' complaint fails to satisfy the <u>Iqbal</u> standard and asserts claims expressly foreclosed by Eleventh Circuit caselaw, are meritorious and certainly present **much more** than "an immediate and clear *possibility*" that Defendants' motion will be granted. (<u>Id</u>. at 5) (quotation omitted) (emphasis supplied).

8.    Defendants' grounds for dismissal will be elucidated further in their upcoming reply brief, which will demonstrate even more clearly the failure of the complaint to state a claim upon which relief can be granted. That said, even if the motion were not granted in full, dismissal of some or all claims as contemplated by Defendants' motion to dismiss would significantly reduce the scope of discovery in this case. See, e.g., <u>Hardy v. Ga. Dep't of Corrs.</u>, 2018 WL 4512065, at *1 (S.D. Ga. Sept. 20, 2018) (finding a stay of discovery appropriate given "an immediate and clear possibility of a ruling [on a *partial* motion to dismiss] that would dismiss some of the claims or could restrict the scope of discovery"). Although the Voting Rights Act, the Equal Protection Clause, and the Fifteenth Amendment often involve consideration of parallel questions, those authorities ultimately call for distinct legal analyses of different factual circumstances. Thus, even if the claims in Plaintiffs' complaint were

merely narrowed, such action would still avoid an unnecessarily broad discovery process and thereby promote judicial efficiency. See <u>Lawrence</u>, 721 F. App'x at 864 (warning courts to be cognizant "of the dangers of allowing a case to proceed through the pretrial processes with a potentially invalid claim").

9.      Finally, Plaintiffs' suggestion that Defendants have not cooperated with their pre-discovery requests for records (Doc. 20 at 4) is simply false; and, at any rate, their contentions do not weigh in favor of beginning discovery. Defendants have themselves only cited *public records* in support of their motion to dismiss, since public records "are deemed to be a part of every complaint by implication." 5B Wright & Miller, <u>Fed. Prac. & Proc. Civ.</u> § 1357, n.1 & accompanying text (3d ed. Nov. 2018 update). And although discovery has not yet commenced, see Fed. R. Civ. P. 26(d)(1), Defendants actually provided all public records that Plaintiffs requested within *two and a half business days* of Plaintiffs' demand for said records (see Doc. 21-3 at 2, 5).[2] Plaintiffs have now submitted those public records in support of their response brief. Plaintiffs are therefore on the same footing as Defendants at this stage

---

[2]Contrary to Plaintiffs' suggestion, Defendants have not withheld *any* public records. In response to Plaintiffs' request for municipal voter lists and 2016 canvass results, Defendants turned over *all* public records in their possession, appropriately redacted as required by Alabama law. See, e.g., Ala. Code § 11-46-36(a) (public voter registration lists include only alphabetical lists of voters and any machine to which they are assigned); Ala. Op. Att'y Gen. No. 2005-186, 2005 WL 2115257 (Aug. 24, 2005) (requiring redaction of any information except for lists of voters and polling places from public records requests). Voter sign-in sheets are not public records under Alabama law and, in fact, their disclosure is punishable under criminal law. See Ala. Code § 11-46-68(k).

of proceedings and the Court has before it all public records the parties deemed appropriate for submission.

10.    The plausibility of Plaintiffs' complaint at this stage should rise or fall based on the factual matter alleged therein, and on all records that are "part of [that] complaint by implication." See id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Plaintiffs' insistence that additional discovery is "necessary" to further bolster the plausibility of their pleading (see Doc. 20 at 4) is directly foreclosed by controlling Supreme Court precedent. See Iqbal, 556 U.S. at 686 (at the pleadings stage, a plaintiff "is not entitled to discovery, cabined or otherwise").

11.    In short, the Eleventh Circuit has clearly and unmistakably articulated the rule that "a motion to dismiss for failure to state a claim **must be resolved** before discovery begins." Roman, 732 F. App'x at 815 (emphasis supplied). Whatever Plaintiffs make of the unpublished, out-of-circuit, and/or pre-Chudasama district court authority on which they rely, those decisions do not overcome this clear guidance.

WHEREFORE, a stay of the party's Rule 26 obligations during the pendency of Defendants' motion to dismiss is appropriate, and is indeed "the *only* proper course." Hall, 753 F. Supp. 2d at 1121 n.20. Accordingly, Defendants' motion to stay (Doc. 16) remains due to be granted.

s/ David J. Canupp
David J. Canupp

s/ J. Bradley Emmons
J. Bradley Emmons

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue,  Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail:  djc@LanierFord.com; jbe@LanierFord.com

s/ Jon B. Terry
Jon B. Terry

s/ Jonathan David Terry
Jonathan David Terry

Bains and Terry
1813 Third Avenue North
Bessemer, Alabama 35020
Telephone 205-425-1606 / Fax: 205-426-3200
E-mail: bainsjbt@bellsouth.net
E-Mail: jdterry@bainsterry.com

Attorneys for Defendants City of Pleasant Grove,
Jerry Brasseal, William Bullion, James Crumpton,
Kenneth Hatfield, Philip Houston and Paula Johnson

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

James Uriah Blacksher
P O Box 636
Birmingham, AL 35201
205-591-7238
Fax: 866-845-4395
Email: jblacksher@ns.sympatico.ca

Catherine Meza
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th St. NW, Apt. 717
Washington, DC 20005
202-216-2727
Fax: 202-682-1312
Email: cmeza@naacpldf.org

Deuel Ross
Leah C. Aden
John Z. Morris
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND INC
40 Rector Street 5th Floor
New York, NY 10006
212-965-2200
Fax: 212-226-7592
Email: dross@naacpldf.org
Email: laden@naacpldf.org
Email: zmorris@naacpldf.org

on this the 26th day of February, 2019.

s/ David J. Canupp
David J. Canupp

9