# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE ALABAMA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CITY OF PLEASANT GROVE, *et al.*,<br><br>    *Defendants*. | Civil Action No. 2:18-cv-02056-LSC |

## REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING

Defendants filed a motion to stay discovery pending a ruling on their motion to dismiss. (Docs. 14, 16). Plaintiffs filed an opposition to the motion to stay, arguing that discovery should proceed. (Doc 20). The Court directed the Parties to comply with their Rule 26(f) obligation to hold a planning meeting during the pendency of the motion to stay and indicated that the Court would consider the motion to stay at a scheduling conference. (Doc. 18). This Report of the Parties' Planning Meeting is, therefore, filed pursuant to Federal Rule of Civil Procedure 26(f) and to comply with the Court's order. By filing this Report pursuant to the

Court's directives, the defendants do not waive their motion to stay and continue to request a stay pending resolution of the motion to dismiss.

The Parties' proposed discovery schedule reflects Plaintiffs' and Defendants' differing positions regarding the commencement and conclusion of discovery in this case.

1. The following persons participated in an in-person Rule 26(f) conference on Friday, March 1:

   For the Plaintiffs:   James U. Blacksher (by phone)
                         Catherine Meza
                         John Z. Morris

   For the Defendants:   David J. Canupp
                         J. Bradley Emmons

2. **Pre-Discovery Disclosures**

   i. Pursuant to Fed. R. Civ. P. Rule 26 (a)(A)-(C), Plaintiffs will make their initial disclosures on March 21, 2019, or within fourteen (14) days after the parties' Rule 26(f) conference.

   ii. Defendants request that the Court's scheduling order provide that the parties shall exchange the information required by Fed. R. Civ. P. Rule 26.1(a)(1)(A) thirty (30) days following a dispositive ruling on the motion to dismiss.

3. **Synopsis of the Case:**

   a. **Plaintiffs' Position:** Plaintiffs bring this action challenging the at-large method of electing members to the City Council for the City of Pleasant Grove, Alabama, and properly allege that it violates the Fourteenth and Fifteenth Amendments to the United States Constitution and Section 2 of the Voting Rights Act of 1965. Plaintiffs assert that binding precedent permits Black voters who are not an effective majority of registered voters to bring vote dilution claims and that, because of structural barriers, Black voters are in fact a minority of those voters who turnout in municipal elections. Plaintiffs also maintain that Defendants are properly sued in their official capacities.

   b. **Defendants' Position:** Defendants deny all the material allegations of the complaint; assert that vote dilution claims brought by Plaintiffs who constitute a majority of a city's total population, voting-age population, and registered-voter population are not cognizable; and assert that plaintiffs have failed to plausibly allege that the city's electoral practices have a discriminatory effect on black voters. Defendants also assert that the official capacity claims are improper.

4. **Discovery Plan.**

   a. *Dates for commencing and completing discovery*:

      i. As authorized by the Court's Uniform Initial Order Governing all Further Proceedings, Plaintiffs believe that the parties are due to commence discovery immediately upon the filing of this report and request the Court enter an order that discovery commence immediately. Plaintiffs further request that the Court enter an order providing that all discovery conclude no later than September 6, 2019.

      ii. Defendants request the Court enter an order providing that all discovery must commence in time to be completed eight (8) months from a ruling on the motion to dismiss. Defendants assert that it would be inappropriate to commence discovery until such time as the pending motion to dismiss is ruled upon by the Court.

   b. *Interrogatories*: the Parties request the Court enter an order providing that there shall be a maximum of 45 total interrogatories by Plaintiffs to all Defendants, and a maximum of 45 total interrogatories by Defendants to all Plaintiffs, with all responses due 30 days after service.

   c. *Requests for Admission*: the Parties request the Court enter an order providing that there shall be a maximum of 25 total requests for admission

by Plaintiffs to all Defendants, and a maximum of 25 total requests for admission by Defendants to all Plaintiffs, with responses due 30 days after service.

d. *Depositions*: the Parties request the Court enter an order providing that there shall be a maximum of 12 depositions by Plaintiffs and 12 by Defendants without leave of court.

e. *Expert witnesses*: Plaintiffs anticipate at least three expert witnesses and Defendants anticipate at least two expert witnesses.

   i. Plaintiffs request the Court enter an order providing that Plaintiffs will disclose their experts and provide their expert reports to Defendants by June 28, 2019, and that Defendants will disclose their experts and provide expert reports on August 12, 2019.

   ii. Defendants request the Court enter an order providing that Plaintiffs shall make their expert disclosures of all retained testifying experts under Rule 26(a)(2) five (5) months from a ruling on the motion to dismiss, and from Defendants 45 days thereafter.

f. *Supplementations under Rule 26(e)*: the parties agree that supplemental disclosures and discovery responses under Rule 26(e) shall be made at reasonable intervals once new or different information becomes known

to any party that should be disclosed under Rule 26(a)(1) or that adds to, changes, or corrects any earlier discovery response.

**5. Other Items.**

a. *Scheduling conference with the Court*: The Parties request a conference with the Court before entry of the scheduling order.

   i. Plaintiffs believe that discovery should commence immediately given the City of Pleasant Grove's election-related calendar and the time necessary to implement any changes to the City's method of electing the City Council and district lines. Pursuant to Alabama Code the next regular general municipal election in Pleasant Grove is scheduled to take place on Tuesday, August 25, 2020. Ala. Code §11-46-21. In addition, February 25, 2020, is the last day for the City Council to adopt an ordinance to elect councilmembers from single-member districts, and May 25, 2020, is the last day for the City Council to change the City's district lines. Ala. Code §§ 11-43-63 and 11-46-23.

   ii. Defendants request a hearing on their motion to stay. Defendants believe that good cause has not been shown for expedited discovery. Defendants further believe that the schedule requested by Plaintiffs would be extraordinarily

difficult and would result in an unfair proceeding in view of the breadth of discovery requested by both parties and the complex legal and factual issues presented here. Defendants also believe that this action should be stayed while the potentially case-dispositive legal issues presented in the pending motion to dismiss are decided. Defendants note that Plaintiffs chose to wait to file this action until the eve of the 2020 elections, well over two years after the most recent municipal election, and have no entitlement whatsoever to expedited determination of the issues presented herein. Finally, because elections are complex to administer, Defendants do not believe that the public interest would be served by a haphazard discovery process and a chaotic, last-minute imposition of a new and complicated districting process on the eve of the next municipal election, particularly in light of Plaintiffs' years-long delay in bringing this action. E.g., Favors v. Cuomo, 881 F. Supp. 2d 356, 371-72 (E.D.N.Y. 2012); Maldonado v. Pataki, 2005 WL 8159756, at *1-2 (E.D.N.Y. Dec. 7, 2005).

b. *Amendment of pleadings*:

   i. Plaintiffs request the Court order that the final date to amend pleadings or join parties is April 8, 2019.

   ii. Defendants believe there shall be no further amendments to the complaint.

c. *Dispositive motions*:

   i. Plaintiffs request the Court order that all dispositive motions be filed no later than September 13, 2019. Pursuant to the Court's Uniform Initial Order Governing all Further Proceedings, any opposition shall be filed no later than 21 days after the motion and any replies no later than 11 days after the date the opponent's response is due.

   ii. Defendants request the Court order that all potentially dispositive motions should be filed by nine (9) months following a ruling on the motion to dismiss.

d. *Disclosure and discovery of electronically stored information (ESI)*: The Parties agree to comply with applicable rules concerning preservation of records. In addition, the Parties will produce discoverable ESI in a format and media that is mutually agreeable to the parties, but that at a minimum preserves all accompanying metadata and embedded data.

e. *Settlement*:  The Parties will continue to evaluate settlement as the case progresses.

f. *Pretrial conference*:  The Parties request a final pretrial conference 45 days before the date set for trial.

g. *Trial witnesses and exhibits*:  The Parties suggest that lists of trial witnesses and exhibits under Rule 26(a)(3) should be due:

   i. From Plaintiffs: witness and exhibit list by 30 days before trial;

   ii. From Defendants: witness and exhibit list by 20 days before trial.

   iii. The Parties should have 15 days after service of final lists of witness and exhibit lists to list objections under Rule 26(a)(3) or to file other objections, including *Daubert* motions.

g. *Trial date and length*:

   i. Plaintiffs believe that following six (6) months of discovery, trial should begin no later than November 4, 2019. Trial is expected to take approximately five days.

   ii. Defendants believe the soonest the case can be ready for trial is eleven (11) months following a ruling on the motion to dismiss, and Defendants believe this is itself an extraordinarily short time-line. At this time, trial is expected to take approximately five days.

Dated this the 7th day of March, 2019.

                                        s/ David J. Canupp
                                        David J. Canupp

                                        s/ J. Bradley Emmons
                                        J. Bradley Emmons

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: djc@LanierFord.com; jbe@LanierFord.com

Attorney for Defendants

                                        s/ James Uriah Blacksher
                                        James Uriah Blacksher

P.O. Box 636
Birmingham, AL 35201
Phone: 205-591-7238
Fax: 866-845-4395
Email: jblacksher@ns.sympatico.ca

                                        s/ Catherine Meza
                                        Catherine Meza*

NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
700 14th St. NW, 6th Floor
Washington, DC 20005
Phone: 202-216-2727
Fax: 202-682-1312
Email: cmeza@naacpldf.org

                                        s/ Deuel Ross
                                        Deuel Ross*
                                        John Z. Morris*

NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
40 Rector Street 5th Floor
New York, NY 10006
Phone: 212-965-2200
Fax: 212-226-7592
Email: dross@naacpldf.org; zmorris@naacpldf.org

Attorneys for Plaintiffs

*Pro Hac Vice