FILED

2019 Mar-25  PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE ALABAMA STATE CONFERENCE OF THE NAACP, ERIC CALHOUN and JENNIFER FORD, | ) ) ) ) | |
| | ) | CASE NO. 2:18-cv-02056-LSC |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITY OF PLEASANT GROVE, et al., | ) ) ) | |
| Defendants. | ) ) | |

REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE OR EXCLUDE

It is clear that Plaintiffs have submitted extrinsic evidence to provide additional support for the deficient allegations of their complaint, in contravention of clear Eleventh Circuit authority. (See Doc. 21 at 28-29). Because Defendants' motion to dismiss is due to be granted based on the allegations of the complaint and the public records incorporated therein, Plaintiffs should not be permitted to introduce evidence for the sole purpose of creating what they now characterize as "factual disputes." This is particularly true given that such alleged "factual disputes" are both nonexistent and irrelevant—Plaintiffs' documentary and testimonial evidence does not contradict the showing that the City's black residents are now in the majority in every relevant

population metric, and the complaint is implausible on its face in any event.
Moreover, Plaintiffs' assertion that their exhibits are not what they explicitly purport
to be only reinforces the conclusion that Defendants' motion to strike or exclude
those exhibits is due to be granted in full.

## I.    Plaintiffs Are Improperly Attempting to Amend Their Complaint

Plaintiffs' response brief devotes little space to addressing the actual subject
matter of the instant motion—the question of whether their submission of extrinsic
evidence at the Rule 12(b)(6) stage is improper. Plaintiffs spend far more time
relitigating the merits of the pending motion to dismiss and attacking the propriety
of Defendants' own exhibits (Doc. 31 at 1-6), which are fully admissible. Despite
Plaintiffs' disagreements, those questions have been fully briefed. (See Docs. 14-15,
21, 28) (briefing on motion to dismiss); (Doc. 15 at 10-11 & nn.6-8; Doc. 21 at 13-15;
Doc. 27 at 2-4 & nn.1-2) (briefing on admissibility of Defendants' exhibits).[1]

Plaintiffs go on to argue that they have *not* submitted extrinsic evidence to
support the insufficient allegations of their complaint, but instead have submitted

---

[1] For instance, Plaintiffs simply repeat their argument that <u>Johnson v. DeSoto Cnty. Bd. of Comm'rs</u>, 204 F.3d 1335(11th Cir. 2000), precludes consideration of voter registration data at this stage of proceedings. (Doc. 31 at 4). But Defendants have already pointed out this misrepresentation of <u>Johnson</u>. As noted, that case was concerned only with *expert extrapolations derived from* voter registration data, and not pure voter registration information *itself* — all that Defendants submitted here — which *is* properly subject to judicial notice. (Doc. 27 at 4 n.2).

2

those documents to avoid "prejudice" in case the Court considers Defendants' public-record exhibits. (See Doc. 31 at 2, 6).[2] But "prejudice" is not an exception to a properly supported motion under Rule 12(b)(6), and it was Plaintiffs' obligation to file a sufficient complaint or to timely amend upon receipt of a motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(B) (permitting amendments within 21 days after service of a motion under Rule 12(b)). What Plaintiffs actually have done is sought to counter a Rule 12(b)(6) motion by submitting "extrinsic evidence of voter lists" and other materials that purportedly "indicate[] the persistence of racially polarized voting." (Doc. 21 at 28-29). In other words, Plaintiffs are explicitly attempting to support the implausible allegations of their deficient complaint with new allegations derived from extrinsic evidentiary submissions.

It is "plainly inappropriate" to raise new allegations for the first time in a brief filed in response to a motion to dismiss. Brown v. J.P. Turner & Co., No. 1:09-cv-2649-JEC, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011); see also Leedom Mgmt. Grp., Inc. v. Perlmutter, 2012 WL 503904, at *2 (M.D. Fla. Feb. 15, 2012) (excluding affidavit testimony on motion to dismiss because "the affidavit has no place at this juncture, where the Court's analysis is confined to the four corners of

---

[2] Notably, defendants have argued that *even if public records are not considered*, Plaintiffs' complaint fails to satisfy Rule 8 by failing to adequately allege political cohesion among the City's black residents or bloc voting among white residents. (Doc. 15 at 23-30); (Doc. 28 at 8-11).

the complaint and documents attached thereto"). Such new allegations cannot defeat an otherwise proper motion to dismiss an insufficiently pleaded complaint. <u>Osan v. Verizon Florida LLC</u>, No. 8:15-cv-104-T-36TGW, 2015 WL 13749752, at * 3 (M.D. Fla. Sept. 1, 2015); <u>Johnson v. Mobile Cnty. Sheriff Dep't</u>, No. 06-0821-WS-B, 2007 WL 2023488, at *4 (S.D. Ala. July 9, 2007). Simply stated, "[a] party cannot amend a complaint by attaching documents to a response to a motion to dismiss, or by asserting new facts or theories in the response." <u>Clark v. Ocwen Loan Servicing</u>, No. No. 1:17-cv-3027-TCB-AJB, 2018 WL 1804349, at *3 n.6 (N.D. Ga. Jan. 18, 2018) (citing <u>Fin. Sec. Assur., Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1284 (11th Cir. 2007), and <u>Long v. Satz</u>, 181 F. 3d 1275 128-79 (11th Cir. 1999)).

Because Plaintiffs' extrinsic evidence was not included in or attached to the complaint and is otherwise inadmissible, as discussed below, it is due to be stricken and not considered in connection with Defendants' Rule 12(b)(6) motion to dismiss.

## II.    Plaintiffs' "Disputed Facts" Argument is Inapplicable to the Pending Motion

Plaintiffs also incorrectly assert that Defendants are attempting to "introduce disputed facts" by relying on public records in connection with their pending motion to dismiss. (E.g., Doc. 31 at 1-2). To be clear, "fact disputes" are not a consideration at the motion to dismiss stage; instead, the sole question is whether the complaint

4

*plausibly states* a valid claim for relief. Defendants have referred to public-record exhibits—matters that are "deemed to be a part of every complaint by implication," see 5B Wright & Miller, <u>Fed. Prac. & Proc.</u> § 1357, n.1 & accompanying text (3d ed., Nov. 2018 update)—to "highlight[]" the *implausibility* of Plaintiffs' allegations. (See, e.g., Doc. 15 at 28). Plaintiffs' conclusory allegations that black residents are "politically cohesive" and that white residents engage in bloc voting to overcome that cohesion are *already* insufficient to state a claim. (See <u>id</u>. at 23-28). Defendants' public-record exhibits, which show that the City's white minority lacks sufficient "numerical superiority" to overcome the votes of the City's black voting-age and registered voter population majority, only further underscore the implausibility of Plaintiffs' already-deficient allegations. (See <u>id</u>. at 28-29; see also <u>id</u>. at 16-23). The Court has no need to resolve any "factual disputes" to determine that the complaint is implausible as a matter of law.

Plaintiffs' reference to language in <u>Adinolfe v. United Technologies Corp.</u>, 768 F.3d 1161 (11th Cir. 2014), does not alter this conclusion. In the passage quoted by Plaintiffs, the Eleventh Circuit simply concluded that it was inappropriate for a district court to enter a pre-discovery <u>Lone Pine</u> order, for the purpose of streamlining complex mass tort litigation, before addressing a pending motion to dismiss. See <u>Adinolfe</u>, 768 F.3d at 1168. This case is not a complex mass tort action, and no party

has sought entry of a <u>Lone Pine</u> order. Additionally, <u>Adinolfe</u> has no bearing on whether the Court may take judicial notice of certain public records in determining whether the allegations of a complaint are plausible, a proposition that is in fact supported by substantial legal authority. (See Doc. 15 at 10-11 & nn.6-8; Doc. 27 at 2-4 & nn.1-2). And more to the point, <u>Adinolfe</u> does not at all support Plaintiffs' efforts to *themselves* create factual disputes at the Rule 12(b)(6) stage through the submission of extrinsic, non-public-record evidence. If anything, <u>Adinolfe</u> only underscores that Plaintiffs' attempts to introduce "expert testimony and other [extrinsic] evidence" at this stage of proceedings are improper. See <u>Adinolfe</u>, 768 F.3d at 1168.

In addition, it should not be overlooked that Defendants have ***not*** objected to the actual public records submitted by Plaintiffs in (weakly) claiming that their complaint is actually plausible. (See Doc. 27, at 5 n.3) (not objecting to public registered-voter lists or canvass results). The registered-voter lists may be considered by the Court on a motion to dismiss, just as Defendants' public records may be considered. (Testimony from Plaintiff's counsel and their expert witness on these matters, however, is obviously out of bounds). To be clear, however, even Plaintiffs' registered-voter lists do not contradict the implausibility of their claims; for instance, it is undisputed that black residents are now the majority of registered voters in

Pleasant Grove, meaning the complaint's allegations about whites having "numerical superiority" are implausible as a matter of law.

### III.   Plaintiffs' Exhibits Are Individually Subject to Exclusion

Setting aside the actual public records submitted by Plaintiffs and not objected to by Defendants, the extrinsic evidence that Plaintiffs ask the Court to consider is obviously inappropriate at this stage. Furthermore, Plaintiffs' arguments for consideration border on disingenuous. Nowhere is this clearer than Plaintiffs' odd insistence that the report of their previously undisclosed expert report is not actually an expert report. (Doc. 31 at 8-9). In fact, *the report itself* states that it is submitted "in accordance with" the expert testimony requirements of "Federal Rule of Civil Procedure 26(a)(2)(B), and Federal Rules of Evidence 702 and 703," by a witness who "currently serve[s] as a demographic and redistricting expert for the Plaintiffs." (Doc. 21-2 at 2). Consistent with the rules governing expert reports, that submission also purports to contain a statement of the witness's opinions, the bases for and data underlying those opinions, a resume including the witness's qualifications and publications, a list of cases in which the witness has testified, and a statement of compensation. (Doc. 21-2 at 2-26); see Fed. R. Civ. P. 26(a)(2)(B). "If it walks like a duck, quacks like a duck, and swims like a duck, it's a duck, no matter how [Plaintiffs] may attempt to characterize (or, more to the point, mischaracterize) it."

7

Faught v. Am. Home Shield Corp., 2:07-cv-1928-RDP, 2009 WL 10264321, at *4
(N.D. Ala. Dec. 1, 2009). Because Plaintiffs did not previously disclose this expert,
his report must be excluded.

Plaintiffs similarly contend that the affidavit of their attorney was merely
"submitted to authenticate the[ir] exhibits." (Doc. 31 at 8). However, this argument
is betrayed by the inclusion of said attorney's "analysis" of registered voter
information in that affidavit. (Doc. 21-1 at 3). Consequently, both the analysis itself
(Doc. 21-1) and the data on which it relies (Doc. 21 Exh. 4) constitute improper
expert and/or lay testimony.

Plaintiffs' other evidentiary materials also remain irrelevant and unduly
prejudicial. Plaintiffs have not articulated how a receipt evidencing their own
investigative efforts could possibly demonstrate prejudice attributable to Defendants,
particularly where the purchase at issue occurred five days before Plaintiffs first
demanded related (non-public) documents from Defendants, *nor is it even the
slightest bit clear how that pertains to the plausibility of their complaint*. (See Doc.
27 at 7 n.5). And, as previously noted, Plaintiffs' submission of emails exchanged by
counsel *still* contains excludable settlement communications, notwithstanding their

redactions. (See id. at 7 n.4).[3] In any event, Defendants timely disclosed all public

records demanded by Plaintiffs (id.), and neither the email exchanges nor the receipt

shows anything to the contrary. Exclusion is therefore required by Fed. R. Evid. 403.

For the foregoing reasons, Defendants motion to strike or exclude Plaintiffs'

extrinsic evidentiary submissions (Doc. 27) is due to be granted.

s/ David J. Canupp
David J. Canupp

s/ J. Bradley Emmons
J. Bradley Emmons

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue,  Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail:  djc@LanierFord.com; jbe@LanierFord.com

s/ Jon B. Terry
Jon B. Terry

s/ Jonathan David Terry
Jonathan David Terry

---

[3] Plaintiffs did not demand any documents relating to the motions before the Court prior to February 13, 2019. (See, e.g., Doc. 25-1 at 5). Thus, *all* of the included emails sent before that date are prohibited settlement communications. See Fed. R. Evid. 408(a)(2).

Bains and Terry
1813 Third Avenue North
Bessemer, Alabama 35020
Telephone 205-425-1606 / Fax: 205-426-3200
E-mail: bainsjbt@bellsouth.net
E-Mail: jdterry@bainsterry.com

Attorneys for Defendants City of Pleasant Grove,
Jerry Brasseal, William Bullion, James Crumpton,
Kenneth Hatfield, Philip Houston and Paula Johnson

<u>CERTIFICATE OF SERVICE</u>

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

James Uriah Blacksher
P O Box 636
Birmingham, AL 35201
205-591-7238
Fax: 866-845-4395
Email: jblacksher@ns.sympatico.ca

Catherine Meza
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
700 14th St. NW, Apt. 717
Washington, DC 20005
202-216-2727
Fax: 202-682-1312
Email: cmeza@naacpldf.org

Deuel Ross
Leah C. Aden
John Z. Morris
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND INC
40 Rector Street 5th Floor
New York, NY 10006
212-965-2200
Fax: 212-226-7592
Email: dross@naacpldf.org
Email: laden@naacpldf.org
Email: zmorris@naacpldf.org

on this the 25th day of March, 2019.

s/ David J. Canupp
David J. Canupp