IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| The Alabama State Conference of the of the NAACP, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:18-cv-02056-LSC |
| City of Pleasant Grove, | ) ) ) | |
| Defendant. | ) ) | |

**ATTORNEY GENERAL'S STATEMENT AS *AMICUS CURIAE***

The Hon. Steve Marshall, Attorney General of the State of Alabama, respectfully appears as *amicus curiae* to assist the Court in considering the proposed Consent Decree and Settlement Agreement by setting out his concerns as follows:

1. Plaintiffs, the Alabama State Conference of the NAACP and two registered voters, sued the City of Pleasant Grove and its City Council members alleging that the City's at-large election of its City Council violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, as well as the Fourteenth and Fifteenth Amendments to the United States Constitution. Doc. 1. Upon the Defendants' motion, docs. 14 & 15, the Court dismissed the City Council members and the Fifteenth Amendment claim, but otherwise permitted the litigation to continue, doc. 33.

2. The parties have now submitted a Joint Motion for Approval of Settlement and Request for Entry of Consent Decree, doc. 38, which included an unsigned settlement agreement, doc. 38-1, and a proposed consent decree, doc. 38-2. In so doing, the City admitted no liability. Doc. 38-1 at 3, 6.

3. The Joint Motion explains: "Pursuant to the terms of the Settlement Agreement and proposed Consent Decree, the City of Pleasant Grove will change its method of election of city

1

councilpersons from at-large to cumulative voting, with no numbered places.  Under the cumulative voting method, each qualified voter shall be authorized to cast as many as five votes total in city council elections, with the voter choosing whether to cast these five votes naming five different candidates, or divided among several or more candidates, or cumulatively all for one candidate." Doc. 38 at 2.

4.  The parties propose that cumulative voting be implemented beginning next year and continue *forever,* doc. 38 at 2, unless State law is amended to adopt this method of election for the City doc. 38-1 at 5, doc. 38-2 at 6-7.  In that case, the City may petition the Court to dissolve the consent decree.  *Id.*

5.  In their proposed consent decree, the parties write:

> The Court has examined the use of cumulative voting in the State of Alabama and specifically finds that this remedy has been used in this State to resolve claims of vote dilution.  Among other Alabama jurisdictions, cumulative voting is or has been utilized by Chilton County, the Chilton County Board of Education, and the cities of Guin, Calera, Heath, Myrtlewood, and Centre.  *See, e.g.,* James Blacksher et al., *Voting Rights in Alabama: 1982 – 2006*, 17 UNIV. OF S. CAL. REV. OF LAW & SOC. JUST. 250, 265 & n. 16.  Alabama state law currently provides authority for cumulative voting in these jurisdictions.  *Dillard v. Chilton Cty. Comm'n*, 615 F.Supp. 2d 1292, 1294-95 (M.D. Ala. 2009).

Doc. 38-2 at 4.

6.  Cumulative voting is not the State of Alabama's preferred method of election, and the parties do not say otherwise.  Instead, they say it has been used to resolve litigation, which is true.  That use has been very limited.

7.  Mr. Blacksher's article actually does not say which jurisdictions have adopted it.  Instead, it says:

> Twelve of the seventeen county commissions changed to single-member districts, *one agreed to use cumulative voting rules with its at-large elections* and four are still pending judgment. Twenty-three of the twenty-eight county boards of education changed to single-member districts, *one agreed to use cumulative voting*

> *rules with its at-large elections* and four are still pending judgment. One hundred two of the one hundred forty-four municipalities changed to single-member districts, thirteen agreed to change to multimember districts, twenty agreed to use limited voting rules with their at-large elections, *five agreed to use cumulative voting rules with their at-large elections*, two agreed to use plurality-win rules with their at-large elections and two are still pending judgment.

James Blacksher et. al., *Voting Rights in Alabama: 1982-2006*, 17 S. CAL. REV. L. & SOC. JUST. 249, 264-65 (2008) (footnotes 112 through 116 omitted) (emphasis added).  Thus, few of the *Dillard* cases were resolved through the use of cumulative voting.

8. The parties actually say that "cumulative voting is or has been utilized by" the jurisdictions they list, doc. 38-2 at 3-4, and thus make no representation that it is even currently in use by each of the jurisdiction they list.  The State's information is that it is in some and not others.

9. For broader context, there are 67 counties and more than 400 municipalities in the State of Alabama.  The parties attempt to document fewer than a dozen uses of cumulative voting.

10. Alabama Act No. 2006-252 is not to the contrary.  Some of the resolutions of the *Dillard* suits had been challenged, and Ala. Act No. 2006-252 sought to provide stability by removing the grounds for additional challenges.  The legislation provided that the court-ordered methods of election were retained as a matter of State law until changed by State law, and did not apply to jurisdictions where challenges had already been launched.

11. Because cumulative voting is not the State of Alabama's preference, the Court should be extremely hesitant to require cumulative voting for an indefinite period of time.  As currently drafted, the proposed consent decree means that, if, in 500 years there is a City of Pleasant Grove, then the City shall use cumulative voting, non-numbered places, and have a 5-member City Council – and this scenario shall exist irrespective of whether there is any need for it.  The Court should instead provide an end-date of 20 – or at most 30 – years.  Even 20 years impacts voters not yet born, and a future where there may be no justification for deviating from State law.

12. In sum, the Attorney General does not object to the parties compromising the claims here through the use of cumulative voting, but does strongly believe that such a solution should be of limited duration.

                                            Respectfully submitted,

                                            Steve Marshall
                                              *Attorney General*

                                            James W. Davis (ASB-4063-I58J)
                                              *Deputy Attorney General*

                                            s/ Misty S. Fairbanks Messick
                                            Misty S. Fairbanks Messick (ASB-1813-T71F)
                                            *Assistant Attorney General*

                                            OFFICE OF THE ATTORNEY GENERAL

                                            501 Washington Avenue
                                            Post Office Box 300152
                                            Montgomery, Alabama 36130-0152
                                            telephone:     334.353.8674
                                            facsimile:     334.353.8400 (new)
                                            jimdavis@ago.state.al.us
                                            mmessick@ago.state.al.us

                                            *Counsel for the Attorney General*

### CERTIFICATE OF SERVICE

      I hereby certify that, on August 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel as follows: James U. Blacksher (jblacksher@ns.sympatico.ca); Catherine Meza (cmeza@naacpldf.org); John Z. Morris (zmorris@naacpldf.org); David J. Canupp (djc@lanierford.com); and, J. Bradley Emmons (jbe@lanierford.com).

                                            s/ Misty S. Fairbanks Messick
                                            Of Counsel