FILED
2019 Oct-03 PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE ALABAMA STATE CONFERENCE OF THE NAACP, ERIC CALHOUN, and JENNIFER FORD,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF PLEASANT GROVE, ALABAMA<br><br>*Defendants*. | Civil Action No. 2:18-cv-02056-LSC |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement") is entered into by and between Defendant City of Pleasant Grove, Alabama ("City") and Plaintiffs Alabama State Conference of the National Association for the Advancement of Colored People ("NAACP"), Eric Calhoun, and Jennifer Ford (collectively, "Plaintiffs"), both individually and on behalf of their constituents and respective members. The City and the Plaintiffs are collectively referred to herein as "the Parties." The Parties, each having received the benefit, advice, and representation of legal counsel of their own choice, and in exchange for good, sufficient and valuable consideration as described herein, do hereby execute and enter into this Settlement in order to resolve all of the disputes, claims and causes of action that were asserted or could have been asserted arising out of the circumstances described below:

## RECITALS

1. Plaintiffs, on behalf of themselves and any respective members, filed the above-captioned lawsuit ("the Lawsuit") against the City on December 13, 2018, alleging that the City's method of electing its City Council members violated the Voting Rights Act of 1965 and the United States Constitution. The Lawsuit named as additional defendants the members of the City's council as well as its mayor, but

these defendants were dismissed by Order of the United States District Court on April 2, 2019.

2. The Parties have exchanged documents and information relevant to the validity of the claims asserted and the defenses asserted and have had sufficient discussions and disclosures to understand the merits of their respective positions in the Lawsuit. Each party has sought input and guidance from experts and consultants within the relevant fields of political science, voting rights, demography, and history at all relevant stages of the Lawsuit.

3. By entering into this Settlement, the City does not admit to any violations whatsoever of federal or state law in connection with its method of election or any other matter, nor does the City's agreement herein constitute any admission or implication of liability with respect to the allegations contained in the Lawsuit.

4. The Plaintiffs and their counsel believe that the Settlement reached with the City is fair, adequate, reasonable, and in the best interests of the Plaintiffs and their respective members.

**NOW, THEREFORE**, in consideration of the foregoing recitals, and of the covenants and promises set forth in this Settlement and in exchange for other good, valuable, and sufficient consideration more specifically set forth in this Settlement and hereby acknowledged, the City and the Plaintiffs — on behalf of themselves and any respective members — agree as follows:

**TERMS OF SETTLEMENT**

**I. SETTLEMENT TO BE APPROVED BY THE COURT; METHOD OF REQUESTING APPROVAL**

1. As soon as practicable following the execution of this Settlement by the Parties and their counsel, and in any event no later than July 31, 2019, counsel for Plaintiffs and Defendants will submit a "Joint Motion for Approval of Settlement and Request for Entry of Consent Decree.". The Parties will request that the Court schedule a hearing for consideration of the Joint Motion within 30 days of the filing of the Joint Motion. All Parties agree to take such actions and affirmative steps as are reasonably necessary to obtain the Court's approval of this Settlement.

2. At the time that the Parties submit their Joint Motion, the parties shall

also submit for the Court's consideration the "Consent Decree" attached hereto as Exhibit B and shall request that the Court enter said Consent Decree as the final end to this litigation (other than any further proceedings to enforce the Consent Decree). The Parties shall request that the Court retain jurisdiction to enforce the Consent Decree, but otherwise dismiss the Lawsuit with prejudice, with costs taxed as paid.

3. This Settlement Agreement shall become effective when the requested Consent Decree is entered by the Court in the precise form requested by the parties, and not before.

4. In the event that the Court refuses to approve this Settlement in accordance with its express terms or refuses to enter the requested Consent Decree in accordance with its express terms, then this Settlement shall be null and void and each party shall be returned to the status quo ante. In such event of disapproval, the Parties shall be relieved of their obligation to proceed with the Settlement, and the Settlement and its attachments shall not be admissible in the Lawsuit and shall never be used against them in connection with the Lawsuit.

5. In the event that the Court enters a Consent Decree that is not in accordance with the Parties' agreement, the aggrieved party shall have the right to request reconsideration and shall also have full right to take an appeal in accordance with 28 U.S.C. § 1291 and § 1253.

## II. CHANGES TO METHOD OF ELECTION IN PLEASANT GROVE

### A. Abolition of Numbered Places and the Current Method of At-Large Elections for City Council and Replacement with Cumulative Voting Method

1. In consideration of the terms hereof, including the dismissal of the Lawsuit with prejudice and the release set out below, the City of Pleasant Grove shall, if and to the extent ordered by the Court in this Lawsuit pursuant to the Parties' Settlement, change its method of election of city councilpersons such that councilpersons shall be elected through at-large, cumulative voting, with no numbered places, and with the five councilpersons consisting of those five candidates who receive the most votes. Under this cumulative voting method, beginning with the municipal election scheduled for the fourth Tuesday in August 2020 pursuant to Ala. Code § 11-43-2(d) and Ala. Code § 11-46-21(a), and quadrennially thereafter (or, if the timing of Pleasant Grove City Council elections is changed under Alabama law, whenever else elections for the Pleasant Grove City

3

Council are held pursuant to Alabama law), each qualified voter shall be authorized to cast as many as five votes total in city council elections, with the voter choosing whether to cast these five votes naming five different candidates, or divided among several or more candidates, or cumulatively all for one candidate. This method of election shall also apply in the event of a special election for councilpersons to fill two or more vacancies. Further, under this cumulative voting system, there shall be no run-off elections for councilpersons and in the event of a tie vote, the winner shall be selected by a majority vote of the newly-elected mayor and council.

2. The City shall request its state legislative delegation to enact legislation providing for election of the City's council by cumulative voting, as set out in this Consent Decree, and in the event that the State of Alabama enacts such a law, the City may petition this Court for the dissolution of this Consent Decree.

### B. No Effect on Mayoral Elections

1. The changes to the method of the City's council elections set out in this Settlement and in the proposed Consent Decree shall have no effect on the method of election of the City's mayor, and shall effectuate no change to the manner in which the mayor interacts with the City's council or otherwise carries out the duties of the office of mayor.

### C. No Changes to Method of Government or Powers of City Council

1. This Settlement and the proposed Consent Decree shall effectuate no changes in terms of how the City Council governs the City, nor shall it preclude or prevent the Council from electing a president pro tempore, chairman pro tempore, and/or president in the usual method specified under Alabama law.

### D. Voter Education and Training Program

1. In further consideration of the terms hereof, including the dismissal of the Lawsuit with prejudice and the release set out below, the City of Pleasant Grove shall implement an ongoing voter education and training program to educate City residents, election administrators, and polling place workers about the cumulative voting method of election, the terms of which are attached as Appendix A.

2. During the first 12 months following issuance of the requested Consent Decree, the City shall not be required to spend greater than $4,500 in total costs related to the voter education program. After this first 12 months of voter education,

4

the City's obligation to provide voter education shall consist solely of making written materials readily available on the City's website and at City Hall. The written materials are attached as Appendix B.

## III. RELEASE OF CLAIMS

1. In consideration of the foregoing terms, conditions, covenants, recitals, and agreements made by or on behalf of the City, the Plaintiffs, on behalf of themselves and any respective members, along with their attorneys, agents, successors, affiliates, national associations, heirs, and assigns, agree not to seek or recover any damages, fees, or expenses relating to the prosecution of the Lawsuit or the settlement thereof, and fully, finally, and forever release, discharge, and agree to hold harmless, the City of Pleasant Grove, Alabama, its elected representatives, officers, clerks, attorneys, insurers, and any other employees, representatives, or agents, as well as anyone acting or authorized to act on its behalf, from any and all demands, damages, costs, expenses, attorneys' fees, expert fees, liabilities, causes of action, and claims (known or unknown, accrued or unaccrued) that have been or could have been alleged or asserted, on the basis of, in connection with, or arising out of the matters alleged in the Lawsuit, including all such claims that were actually asserted in this case or that arise from the facts alleged in Plaintiffs' Complaint.

## IV. ADDITIONAL PROVISIONS

1. This Settlement is the result of a compromise between the Parties, and nothing in this Agreement constitutes an admission of liability on the part of the City or any City official. Nothing set forth in this Settlement, the fact of Settlement, or any act performed or document executed pursuant to or in furtherance of the Settlement may be construed or be used as an admission or evidence of the validity of any claim or allegation, or of any act, omission, liability or wrongdoing on the part of the City or as supporting certification in any action or proceeding of any kind whatsoever.

2. This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408, or any other comparable rule of evidence.

3. This Settlement, including the Recitals and Exhibits, supersedes any prior agreements or understandings between the Parties with respect to settlement.

5

4. The Parties agree to ask the Court to retain jurisdiction of this matter to enforce the terms of this Settlement through the entry of a Consent Decree.

5. The Parties represent and warrant to each other that they have the full power and authority to enter into this Settlement, and that they have not assigned, pledged, encumbered or in any manner transferred or conveyed any portion of the claims or causes of action covered by this Settlement.

6. The Parties represent and warrant to each other that they understand this Settlement in its entirety and that they have been represented by and consulted with their respective counsel in connection with the negotiating, drafting, and execution of this Settlement.

7. This Settlement may be modified or amended only by a writing signed by all Parties or their successors-in-interest and filed with the Court, or as provided for in the Consent Order itself.

8. The Settlement shall be binding upon and inure to the benefit of the Parties, and as applicable, their respective successor elected officials and members.

9. This Settlement shall be interpreted according to federal law to the maximum degree federal law is applicable; it shall otherwise be interpreted according to Alabama law.

10. This Settlement may be executed in one or more counterparts which, once fully executed, shall constitute one original and binding Settlement. A photocopy, scanned, or facsimile copy of any signature on this Settlement shall be considered as valid as an original signature.

11. All notices, demands, or other communications given under this Settlement, with the exception of documents filed via the Court's CM/ECF system, will be in writing and addressed as follows:

6

*To the Plaintiffs:*

    Catherine Meza
    NAACP LEGAL DEFENSE &
       EDUCATIONAL FUND, INC.
    700 14th Street NW, Suite 600
    Washington, DC 20005
    cmeza@naacpldf.or

    Deuel Ross
    John Z. Morris
    NAACP LEGAL DEFENSE &
       EDUCATIONAL FUND, INC.
    40 Rector Street, 5th Floor
    New York, NY 10006
    dross@naacpldf.org
    zmorris@naacpldf.org

    James U. Blacksher
    P.O. Box 636
    Birmingham, AL 35201
    jblacksher@ns.sympatico.ca

*To Defendant:*

    David J. Canupp
    Lanier Ford Shaver & Payne, P.C.
    P.O. Box 2087
    Huntsville, Alabama 35804
    djc@lanierford.com

Attorneys for the named Plaintiffs:

_____  10/01/19
Catherine Meza               Date
NAACP Legal Defense and Educational Fund, Inc.

_____  10/01/19
James U. Blacksher           Date

Plaintiff:

_____  9/29/19
                             Date

Plaintiff:

_____  9/29/19
Jennifer Ford                Date

Plaintiff:

_____  9/30/19
                             Date

Attorneys for Defendant:

_____  10/3/19
David Canupp                 Date
Lanier Ford Shaver & Payne, P.C.

Defendant:

_____  10-3-19
                             Date

8

# APPENDIX A

# Appendix A

# Voter Education and Training Plan

I. Voter Education

    A. Voter Education Coordinator

    The City shall assign one employee to carry out all the duties related to the coordination and implementation of the voter education plan. This employee may be the City Clerk.

    B. Cumulative Voting Information Dissemination

    The City shall hold at least 4 public forums on cumulative voting in advance of the August 2020 municipal election, three of which may be held either immediately before or immediately following regularly-scheduled City Council meetings and shall be advertised in the same manner as a Council meeting. At least one forum shall be held at a central location in Pleasant Grove selected by the City that will accommodate a larger audience than the Council chambers.

    During each forum, the entire cumulative voting process shall be described in detail and attendees must be given the opportunity to ask questions about cumulative voting. Presenters shall allot time to answer any and all questions from attendees.

    Notice of each forum shall be provided seven (7) days in advance of each forum and the notices shall be posted on the Pleasant Grove City website and official Facebook page, at Pleasant Grove City Hall, the Pleasant Grove Public Library, and at the City Park and Ball Fields located in the City. Additionally, the notices should be published in a local newspaper at least seven days prior to the date of the forum.

    During the first 12 months following issuance of the requested Consent Decree, the City shall make available written materials prepared by the City or at the expense of the City, explaining the cumulative voting process. The written materials shall be mailed to all residences within the City during the first 12 months following issuance of the Consent Decree, and shall be posted on the Pleasant Grove City website and official Facebook page, and made available at Pleasant Grove City Hall, and the Pleasant Grove Public Library.

1

# Appendix A

    C.    The written materials explaining the cumulative voting process are attached as Appendix B to the Settlement Agreement.

II.    Election Administrator and Polling Place Official Training

In addition to any required state or county required training, the City shall ensure training regarding cumulative voting is provided to the City Clerk and all polling place officials who will be present at the polling location for municipal election, beginning with the 2020 election and continuing at least once per municipal election cycle.

Election administrators and polling place officials should receive written notice that the cumulative voting training is mandatory.

# APPENDIX B



# CHANGES TO PLEASANT GROVE CITY COUNCIL ELECTIONS COMING IN AUGUST 2020 ELECTIONS

## HAS THE VOTING SYSTEM USED TO ELECT THE PLEASANT GROVE CITY COUNCIL CHANGED?

Yes. The electoral system used to elect the councilmembers of the Pleasant Grove City Council is changing in 2020. Beginning with the **August 25, 2020** municipal election, candidates for the *Pleasant Grove City Council* will be elected through *cumulative voting*. The method of electing the *Mayor* of Pleasant Grove will not change: each voter has one vote for Mayor and must select their favorite candidate.

## WHAT IS CUMULATIVE VOTING AND HOW DOES IT WORK?

Through the City's new cumulative voting procedure, each voter will receive **5 votes**: one for each of the 5 seats on the City Council. Each voter can cast all 5 votes for a single candidate or distribute the 5 votes among multiple candidates. The voters never get more than 5 votes even if there are many more than 5 candidates. For example, if there are 6 candidates (candidates A, B, C, D, E, and F) running for the 5 open City Council seats, each voter can cast all 5 of their votes for one candidate (in which case the polls will register that such candidate received 5 total votes). Or, the voter may distribute the 5 votes the various candidates (for example: 1 vote each for candidates A, B, C, D, and E; or 2 votes for candidate B and 3 votes for candidate D; etc.). A few more examples are shown below:

| CANDIDATES FOR CITY COUNCIL (5 TO BE ELECTED) | BALLOT EXAMPLE 1 CAST NO MORE THAN 5 VOTES | CANDIDATES FOR CITY COUNCIL (5 TO BE ELECTED) | BALLOT EXAMPLE 2 CAST NO MORE THAN 5 VOTES | CANDIDATES FOR CITY COUNCIL (5 TO BE ELECTED) | BALLOT EXAMPLE 3 CAST NO MORE THAN 5 VOTES | CANDIDATES FOR CITY COUNCIL (5 TO BE ELECTED) | BALLOT EXAMPLE 4 CAST NO MORE THAN 5 VOTES |
|---|---|---|---|---|---|---|---|
| Candidate A | ○○○○○ | Candidate A | ●○○○○ | Candidate A | ○○○○○ | Candidate A | ●●●●○ |
| Candidate B | ○○○○○ | Candidate B | ●○○○○ | Candidate B | ●●○○○ | Candidate B | ○○○○○ |
| Candidate C | ●●●●● | Candidate C | ●○○○○ | Candidate C | ○○○○○ | Candidate C | ○○○○○ |
| Candidate D | ○○○○○ | Candidate D | ●○○○○ | Candidate D | ○○○○○ | Candidate D | ○○○○○ |
| Candidate E | ○○○○○ | Candidate E | ●○○○○ | Candidate E | ●●●○○ | Candidate E | ○○○○○ |
| Candidate F | ○○○○○ | Candidate F | ○○○○○ | Candidate F | ○○○○○ | Candidate F | ●○○○○ |

The candidates with the highest numbers of votes will fill the open City Council seats.

## WILL CUMULATIVE VOTING APPLY TO ALL ELECTIONS?

No. The change to cumulative voting only applies to elections for Pleasant Grove City Council.

Cumulative voting will not apply to the mayoral election or any other local, state, or federal elections.

## WHERE AND WHEN CAN I VOTE?

The next election for Pleasant Grove City Council will take place on **Tuesday, August 25, 2020**.

For further information on Pleasant Grove elections, visit the City's website at https://cityofpg.com.

---

**PLEASANT GROVE WILL HOST TOWN HALL MEETINGS ON *CUMULATIVE VOTING* AND THE CHANGES TO CITY COUNCIL ELECTIONS ON THE FOLLOWING DATES:**

THESE MEETINGS ARE OPEN TO THE PUBLIC.

DATE: [*DATE*]    DATE: [*DATE*]

DATE: [*DATE*]    DATE: [*DATE*]

ALL MEETINGS TO BE HELD AT CITY HALL EXCEPT THE MEETING ON [*DATE*], WHICH WILL BE HELD AT [*LOCATION TO BE DETERMINED*].

IF YOU HAVE FURTHER QUESTIONS PLEASE CONTACT City Clerk Karen Duncan (256) 744-1723.



Scan this QR Code for a tutorial