## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| THE ALABAMA STATE CONFERENCE OF THE NAACP, ERIC CALHOUN, and JENNIFER FORD,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF PLEASANT GROVE, ALABAMA<br><br>*Defendants*. | Civil Action No. 2:18-cv-02056-LSC |

## CONSENT DECREE

This is an action by the Alabama State Conference of the NAACP and Eric Calhoun and Jennifer Ford, two private plaintiffs who are residents of the City of Pleasant Grove, Alabama, seeking an injunction preventing the City of Pleasant Grove from continuing to elect its city councilmembers on an at-large basis. (Doc. 1). The complaint claims that the City's at-large, numbered-place method of election of its city council, in combination with racially polarized voting, unlawfully dilutes the voting strength of Black residents. The complaint asserted claims under Section 2 of the Voting Rights Act as well as the Fourteenth and Fifteenth Amendments to the United States Constitution.

Upon the City of Pleasant Grove's motion to dismiss, the Court dismissed all claims under the Fifteenth Amendment and ordered the dismissal of all official capacity claims previously pled against the mayor and councilmembers, but otherwise permitted this action to proceed. Ala. State Conf. of NAACP v. City of Pleasant Grove, 372 F. Supp. 3d 1333 (N.D. Ala. 2019). Specifically, the Court held that Plaintiffs had stated plausible claims for relief under Section 2 of the Voting Rights Act and the Fourteenth Amendment to the United States Constitution.

The parties have reached a settlement pursuant to which they have proposed to the Court a compromise agreement. Under this compromise, which is conditioned upon Court approval, the City would change its method of election of city councilmembers in a way that would address the claim of vote dilution while allowing the City to maintain at-large elections. Specifically, the parties have proposed to the Court that it order that future elections of city councilmembers within the City of Pleasant Grove take place by means of cumulative voting, a well-established means of election that, under appropriate circumstances, empowers minority voters and remedies vote dilution. The Court has examined the use of cumulative voting in the State of Alabama and specifically finds that this remedy has been used in this State to resolve claims of vote dilution. Among other Alabama jurisdictions, cumulative voting is or has been utilized by Chilton County, the Chilton County Board of Education, and the cities of Guin, Calera, Heath,

2

Myrtlewood, and Centre. *See*, *e.g.*, James Blacksher et al., *Voting Rights in Alabama: 1982 – 2006*, 17 UNIV. OF S. CAL. REV. OF LAW & SOC. JUST. 250, 265 & n. 16. Alabama state law currently provides authority for cumulative voting in these jurisdictions. Dillard v. Chilton Cty. Comm'n, 615 F. Supp. 2d 1292, 1294-95 (M.D. Ala. 2009).

The Eleventh Circuit has also stated that cumulative voting is a viable Section 2 remedy and that cumulative voting "may retain the perceived benefits of at-large representation while providing opportunities for effective minority participation." United States v. Marengo Cty. Comm'n, 731 F.2d 1546, 1560 n.24 (11th Cir. 1984). District Courts within this circuit have found that, under appropriate circumstances, a cumulative voting system "provides black voters . . . with a realistic opportunity to elect candidates of their choice, even in the presence of substantially racially polarized voting." Dillard v. Chilton Cty. Bd. of Educ., 699 F. Supp. 870, 875 (M.D. Ala. 1988), aff'd, 868 F.2d 1274 (11th Cir. 1989). And, "there is nothing in federal constitutional or statutory law that prohibits its use. The scheme is acceptable under federal law." Id.

Furthermore, the use of cumulative voting in Alabama has received scholarly support. *See, e.g.*, Richard L. Engstrom, *Cumulative and Limited Voting: Minority Electoral Opportunities and More*, 30 ST. LOUIS U. PUB. L. REV. 97 (2010); Richard L. Engstrom et al., *One Person, Seven Votes: The Cumulative Voting Experience in*

*Chilton County, Alabama*, in AFFIRMATIVE ACTION AND REPRESENTATION: SHAW V. RENO AND THE FUTURE OF VOTING RIGHTS 285 (Anthony Peacock ed., 1997).

Therefore, the Plaintiffs and the City of Pleasant Grove having requested that the Court approve a cumulative voting remedy, and the Court having found that such a remedy is appropriate and an effective way to eliminate any potential vote dilution within Pleasant Grove, it is hereby ORDERED that Defendant City of Pleasant Grove, Alabama, its employees, and those acting in concert with them or at their direction, are ENJOINED from conducting the elections for city council under the present at-large, numbered-place election system, and are FURTHER ENJOINED as follows:

1. The City Council of the City of Pleasant Grove, Alabama, shall consist of five members elected at-large, without designated or numbered places, and with the five councilmembers consisting of those candidates who receive the most votes in an election using the cumulative voting method set forth in the next paragraph.

2. Beginning with the municipal election scheduled for the fourth Tuesday in August 2020 pursuant to Ala. Code § 11-43-2(d) and Ala. Code § 11-46-21(a), and quadrennially thereafter (or, if the timing of Pleasant Grove City Council elections is changed under Alabama law, whenever else elections for the Pleasant Grove City Council are held pursuant to Alabama law), each qualified voter within the City of Pleasant Grove shall be authorized to cast as many as five votes total in

city council elections, with the voter choosing whether to cast these five votes naming five different candidates, or divided among several or more candidates, or cumulatively all for one candidate. This method of election shall also apply in the event of a special election for councilpersons to fill two or more vacancies. Further, under this cumulative voting system, there shall be no run-off elections for councilpersons and in the event of a tie vote, the winner shall be selected by a majority vote of the newly-elected mayor and council.

3.    The changes to the method of the City's council elections set out in this Consent Decree shall have no effect on the method of election of the City's mayor, and shall effectuate no change to the manner in which the mayor interacts with the City's council or otherwise carries out the duties of the office of mayor. Likewise, nothing herein shall effectuate any changes in how the city council governs the City, nor shall it preclude or prevent the council from electing a president pro tempore, chairman pro tempore, and/or president in the usual method provided for by Alabama law.

4.    The City shall develop and implement a plan to educate its residents and train election administrators and poll workers about the cumulative voting electoral system in accordance with the parties' settlement agreement. As stated at the hearing held on September 24, 2019, the Plaintiffs and their counsel will make

themselves available to address questions that may arise during the education and training process.

    5.    The City shall request its state legislative delegation to enact legislation providing for election of the City's council by cumulative voting, as set out in this Consent Decree, and in the event that the State of Alabama enacts such a law, the City may petition this Court to dissolve this Consent Decree.

    6.    In accordance with the parties' settlement agreement, this Court shall retain jurisdiction over this case for purposes of enforcing this Consent Decree, but for administrative and all other purposes, this case shall be CLOSED. In accordance with the parties' settlement agreement, costs are taxed as paid, and no further relief of any type shall be had by the Plaintiffs.

    **DONE** and **ORDERED** on October 11, 2019.

                                L. Scott Coogler
                             United States District Judge

199335